UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LINVA ROSE,

Plaintiff,

-against-

DR. ARIANA LEVIN, MD., NYU LANGONE HEALTH, and NYU LANGONE EYE CENTER,

Defendants.

26-CV-6483 (AS)

ORDER

ARUN SUBRAMANIAN, United States District Judge:

Pro se plaintiff Linva Rose is an elderly, visually impaired Black woman who suffered a severe eye injury in 2024, allegedly as a result of medical malpractice by Dr. Ariana Levin, NYU Langone Health, and NYU Langone Eye Center. In her first amended complaint, Dkt. 15, Rose also brings federal discrimination claims under Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794, and Section 1557 of the Patient Protection and Affordable Care Act (ACA), 42 U.S.C. § 18116. Rose claims that defendants discriminated against her on the basis of her visual disability. Those federal discrimination claims are her basis for invoking the Court's subject matter jurisdiction under 28 U.S.C. § 1331.

Defendants move to dismiss the first amended complaint, arguing that Rose fails to state a federal claim and so her state claims should be remanded to state court. Dkt. 17. Rose opposes that motion and also requests leave to amend her complaint a second time to add a federal race-discrimination claim under Title VI of the Civil Rights Act. Dkt. 19. In defendants' reply, they argue that leave to amend should be denied as futile. Dkt. 20. Rose has also moved to file a sur-reply, Dkt. 21, which defendants oppose, Dkt. 22.

The Court GRANTS defendants' motion to dismiss, but will give Rose a chance to amend. The Second Circuit has made clear that where a plaintiff challenges "the substance of the services provided" rather than "illegal discrimination," she fails to state a claim under the federal disability statutes. *Doe v. Pfrommer*, 148 F.3d 73, 84 (2d Cir. 1998). To establish a violation of the Rehabilitation Act, a plaintiff must show that she has been denied benefits "solely" because of her disability. *Bryant v. New York State Educ. Dep't*, 692 F.3d 202, 216 (2d Cir. 2012). And "section 504 prohibits discrimination against a handicapped individual only where the individual's handicap is unrelated to, and thus improper to consideration of, the services in question." *United States v. Univ. Hosp., State Univ. of New York at Stony Brook*, 729 F.2d 144, 156 (2d Cir. 1984). Claims under Section 1557 of the ACA are typically analyzed identically to Rehabilitation Act

claims. *Landau v. Good Samaritan Hosp., Bon Secours Charity Health Sys. Inc.*, 2026 WL 880540, at *4 (S.D.N.Y. Mar. 31, 2026).

Here, even under the less stringent standards applicable to pro se pleadings, *see Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474–75 (2d Cir. 2006), Rose fails to state a federal claim for disability discrimination. Rose alleges defendants should have performed a physical or slit-lamp examination of her left eye but failed to do so. Dkt. 15 ¶¶ 2–3. While that may state a state claim for medical malpractice, it does not suffice to state a federal disability-discrimination claim. *See Landau*, 2026 WL 880540, at *5 ("As courts have recognized, the antidiscrimination statutes do not federalize medical malpractice claims or second-guess treatment decisions grounded in professional judgment."). Rose's complaint contains no nonconclusory allegations that Dr. Levin or the other medical staff were motivated by bias against Rose on the basis of her visual impairment. In fact, the complaint indicates that Rose's visual impairment was directly related to the treatment she was receiving. Rose alleges she saw Dr. Levin "frequently" "[b]ecause of the severity of [her] disability." Dkt. 15 ¶ 13. And "[a]t all relevant times, [her] care at NYU Langone Eye Center was specifically centered upon the ongoing monitoring and management of advanced glaucoma in her left eye." *Id.* ¶ 24. So Rose fails to allege that her disability was "unrelated to, and thus improper to consideration of, the services in question." *University Hospital*, 729 F.2d at 156. Rather, her disability was *what Defendants were treating*—and their allegedly deficient treatment of that disability does not amount to disability discrimination.

Without any remaining federal claims, the Court declines to exercise supplemental jurisdiction over Rose's state law-based claims. *See* 28 U.S.C. § 1367(c)(3); *Valencia ex rel. Franco v. Lee*, 316 F.3d 299, 305 (2d Cir. 2003) (explaining that "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims" (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988))). The Court thus dismisses Rose's first amended complaint in its entirety.

However, the Court will give Rose leave to file a second amended complaint within 30 days if she wishes. *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (noting that "the court should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated" (quotation omitted)). Rose can either file the same proposed second amended complaint she attached to her opposition, *see* Dkt. 19-1, or she can make further changes in response to the Court's decision.

Rose should only replead a disability discrimination claim if she can add nonconclusory allegations that avoid the issues identified above. And if Rose chooses to add a Title VI race-discrimination claim, she should support that claim with nonconclusory factual allegations giving rise to an inference of race discrimination on the part of defendants. Rose should also consider whether she is better served by going directly to state court rather than trying to replead federal claims and waiting for another round of motion-to-dismiss litigation to conclude here.

For these reasons, the Court GRANTS defendants' motion to dismiss. The Court DENIES Rose's motion for leave to file a sur-reply. The initial pretrial conference scheduled for November 5, 2026 is CANCELED. On or before November 20, 2026, Rose may file a second amended complaint. The Clerk of Court is respectfully directed to close the motions at Dkts. 17, 21, and 22.

SO ORDERED.

Dated: October 22, 2026
New York, New York

ARUN SUBRAMANIAN
United States District Judge